IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN MAHOMES, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-1144 |
| G4S SECURE SOLUTIONS (USA) INC. (d/b/a G4S, G4S USA, G4S SECURITY, and WACKENHUT), | § § § § | JURY TRIAL DEMANDED COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Marvin Mahomes ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against G4S Secure Solutions (USA), Inc. (d/b/a G4S, G4S USA, G4S Security, and Wackenhut) ("Defendant"), showing in support as follows:

## NATURE OF THE CASE

1.      This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek as an employee of Defendant.

2.      Plaintiff is employed by Defendant as an hourly paid security guard.

3.      Plaintiff files this lawsuit on behalf of himself and as a FLSA/PPPA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as hourly paid security guards, and like Plaintiff, are not/were not paid time and one-half

their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

4.    Plaintiff and the collective action members seek all damages available under the FLSA/PPPA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## THE PARTIES, JURISDICTION, AND VENUE

**Plaintiff Marvin Mahomes**

5.    Plaintiff is a natural person. He has standing to file this lawsuit.

6.    Plaintiff is an employee of Defendant and has been employed by Defendant for over three years as of the filing of this lawsuit.

7.    Plaintiff works/worked as a security guard for Defendant.

8.    Defendant pays/paid Plaintiff on an hourly basis.

9.    By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is attached to this Complaint as Exhibit A.

**Collective Action Members**

10.    The putative collective action members are all current and/or former hourly paid security guard employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. All remuneration paid to the putative collective action members, is and/or should have been included in calculating their respective regular rates of pay. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid security guard employees who routinely

work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPPA.

11.    The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

12.    Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**Defendant G4S Secure Solutions (USA), Inc. (d/b/a G4S, G4S USA, G4S Security, and Wackenhut)**

13.    Defendant is a foreign for-profit corporation.

14.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

15.    According to data filed by Defendant with the Texas Secretary of State, Defendant does business as G4S, G4S USA, G4S Security, and Wackenhut.

16.    Plaintiff was employed by Defendant in Dallas County, Texas.

17.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18.    At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

19.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

20.    For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved

in and/or produced for commerce. Examples of such goods and/or materials include computers, security guard uniforms, office furniture, office supplies, mobile phones, and communications equipment.

21.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

22.     Defendant may be served with summons through its registered agent, Prentice Hall Corp System, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

**Jurisdiction and Venue**

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

25.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

26.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA/PPPA.

27.     Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas, and events relevant to Plaintiff's claims in this lawsuit occurred in Dallas County, Texas.

## FACTUAL BACKGROUND

28.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29.     Defendant is a nation-wide security services company. In connection with its business services, it offers security guard services for its customers nationally.

30.     Plaintiff is and was employed as one of those security guards by Defendant. Plaintiff primarily provided security guard services at a Bank of America location in Dallas County, Texas. Plaintiff worked for Defendant at this location for approximately the past five years. Bank of America is one of Defendant's many customers in Texas and states other than Texas.

31.     Plaintiff performed shift work as a security guard, such shift generally being 8 hours per day and at least five days per week in a typical workweek. Plaintiff replaced an employee security guard of Defendants for his shift and was then himself replaced by another employee security guard for the next shift.

32.     Defendant paid Plaintiff for only the hours of his shift. However, Defendant expected Plaintiff to have relieved the prior shift security guard, take possession of equipment needed to do the job from that other security guard (such as keys, radios, etc.), and be briefed on any required date relative to the customer's place of business prior to his shift. That required Plaintiff to arrive and begin work before the scheduled start of his shift to perform hand-off work with the security guard he was replacing. Obtaining equipment and information from the security guard Plaintiff was replacing was work that was integral and indispensable to the performance of Plaintiff's primary job duties and principal activities. Obtaining keys, radios, and briefing data on events that occurred or were expected to occur at the Bank of America location where Plaintiff worked were necessary for Plaintiff to perform his principal activities and primary job duties as a security guard at Defendant's customer's place of business and took many minutes to perform, such minutes not being treated as compensable time by Defendant in the FLSA/PPPA workday

and FLSA/PPPA workweek. The same is true for other security guards of Defendant working shifts, such as the security guards who took the shift following Plaintiff's shift and so forth.

33.     Defendant knew and/or had reason to believe that Plaintiff and other hourly paid security guards were performing that uncompensated shift change work. Defendant knew and/or had reason to believe that it would take time for security guards to exchange equipment needed to do their jobs and duties and brief the replacement shift on security and other relevant data that occurred or was expected to occur at Defendant's customer's place of business. As Plaintiff and the other hourly paid security guards were typically scheduled to work no less than 40 hours per seven day workweek, Defendant knew or had reason to believe that Plaintiff and other hourly paid security guards were working unpaid overtime for which they were not being compensated as required by the FLSA/PPPA.

34.     Defendant is and was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay when they work/worked in excess of 40 hours in each and every seven-day workweek pursuant to 29 U.S.C. § 207(a)(1).

35.     The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPPA.

## CONTROLLING LEGAL RULES

36.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

39.     Where the employer does not keep an accurate record of the daily and weekly hours worked by an employee as required by the FLSA, the employee may prove their unpaid overtime hours and damages "as a matter of just and reasonable inference." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 801 (N.D. Tex. 2015) (Boyle, J.), *aff'd sub nom. Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016).

40.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

41.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). The employer has the burden of proof to establish that any remuneration may be excluded from the regular rate of

pay. *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (Godbey, J.).

42.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## **FLSA/PPPA CLAIMS**

43.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.     At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

45.     At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPA. 29 U.S.C. § 203(s)(1)(A).

46.     Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

47.     Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

48.     Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

49.     At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

50.     Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1). That regular rate of pay must include all remuneration paid to Plaintiff and the putative collective action members.

51.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

52.     The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPPA. 29 U.S.C. § 216(b).

53.     Defendant does not and did not keep an accurate record of the daily and weekly hours worked by Plaintiff and the putative collective action members as required by the FLSA/PPPA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

54.     Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime hours for which they were not paid all FLSA/PPPA overtime wage compensation owed.

55.     Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### FLSA/PPPA COLLECTIVE ACTION

56.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

57.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who: (a) are and/or were employed as security guards paid on an hourly basis and (b) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period. Because Defendant did not and does not pay all overtime premium compensation owed to its security guard employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

58.     The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

59.     Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## **JURY DEMAND**

60.     Plaintiff demands a jury trial.

## **DAMAGES AND PRAYER**

61.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a.      An order conditionally certifying this case as a FLSA/PPPA collective action and requiring notice to be issued to all putative collective action members;

b.      All damages allowed by the FLSA/PPPA, including back overtime wages;

c.      Liquidated damages in an amount equal to back FLSA/PPPA mandated wages;

d.      Legal fees;

*Plaintiff's Original Complaint – Page* 10

e.      Costs;

f.      Post-judgment interest; and/or

g.      All other relief to which Plaintiff and the Collective Action Members are
        entitled.

Date: May 7, 2020.

                                        Respectfully submitted,


                                        By:     s/ Allen R. Vaught
                                                Allen R. Vaught
                                                Attorney-In-Charge
                                                TX Bar No. 24004966
                                                avaught@txlaborlaw.com
                                                Nilges Draher Vaught PLLC
                                                1910 Pacific Ave., Suite 9150
                                                Dallas, Texas 75201
                                                (214) 251-4157 – Telephone
                                                (214) 261-5159 – Facsimile

                                        ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Complaint – Page* 11